testifying about, and is nowhere directly controverted. In my view, it, together with the other evidence in the case, including that offered by the defendant, was sufficient to overcome the statutory presumption and establish the correctness of the plaintiff's claim.

REHEARING MOTION GRANTED

MAY 27, 1953

A. R. D. 26. *United States* v. *American Agar & Chemical Co.* Entered at San Ysidro, Calif. A. R. D. 19. Motion by appellee.

(A. R. D. 27)

E. DILLINGHAM, INC., A/C E. F. BOWE *v.* UNITED STATES

Entry No. 0–193.

First Division, Appellate Term

(Decided on rehearing [A. R. D. 1] June 2, 1953)

*Barnes, Richardson & Colburn* (*Joseph Schwartz* and *Edward N. Glad* of counsel) for the appellant.
*Charles J. Wagner,* Acting Assistant Attorney General (*Samuel D. Spector,* special attorney), for the appellee.

Before OLIVER and MOLLISON, Judges

MOLLISON, Judge: This case is before us upon an order, granted January 16, 1953, setting aside the decision heretofore rendered by this division, dated June 25, 1952, reported in 29 Cust. Ct. 537, A. R. D. 1, and permitting further argument in the matter.

The record facts and circumstances surrounding the importation of the chinchillas involved in this case are quite carefully and extensively set forth in the opinion rendered in connection with A. R. D. 1 and in the opinion rendered by the court below, which is reported in *United States* v. *E. Dillingham, Inc., a/c E. F. Bowe,* 26 Cust. Ct. 700, Reap. Dec. 8004, and it will, therefore, be unnecessary here to repeat or delineate the record evidence.

We have carefully reexamined the record and the briefs of the parties and conclude that a modification of the decision below is